IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN<br>　　　Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>　　　Defendants | CIVIL ACTION NO. 02-4681 |

### ANSWER AND COUNTERCLAIM OF DEFENDANTS ENERGY CHOICE MARKETING , INC. AND CONSUMER CHOICE, INC. TO COMPLAINT

　　　Defendants Energy Choice Marketing, Inc. ("ECM") and Consumer Choice, Inc. ("CCI"), through their counsel Burns & Kasmen, hereby answer the Complaint of John Diekman ("Diekman"). Because these two defendants are one and the same corporation, they will be collectively referred to as "CCI."

　　1. Admitted.

　　2. Denied as stated. It is admitted that Defendant ECM (now known as Consumer Choice, Inc, through change of name) is a Pennsylvania corporation with its principal place of business at Suite 13, 2200 Michener Street, Philadelphia, PA. The remaining allegations are denied.

　　3. Denied as stated. It is admitted that Defendant Shai Fishman ("Fishman") is the President and sole shareholder of CCI. It is admitted that Fishman is President of S&D Marketing ("S&D") and one of the shareholders of S&D. The remaining allegations are denied.

4. Denied that Defendant S&D has an office at 9542A James Street, Philadelphia. The remaining allegations are admitted.

5. Denied.

6. Denied. To the contrary, CCI and ECM are the same corporation. In October 2001 ECM filed Articles of Amendment changing its name to CCI.

7. Denied as stated. It is admitted only that ECM and Diekman entered into the Executive Employment Agreement ("Diekman Employment Agreement") consisting of six pages together with a cover sheet which was effective January 19, 2001. It is denied that any other documents included in Exhibit "A" to the Complaint constitute the Diekman Employment Agreement. It is specifically denied that Fishman was a party to the Diekman Employment Agreement.

8-13. These allegations purport to paraphrase the terms of the Diekman Employment Agreement which is a writing which speaks for itself. The allegations are accordingly denied. By way of further answer it is averred that the Diekman Employment Agreement specifically provided for adjustment or deferral of compensation due to ECM's cash flow problems.

14. Admitted

15. Denied as stated. It is denied that ECM utilized telephone sales. To the contrary, ECM utilized only door to door sales. The remaining allegations of this paragraph are admitted.

16. Denied as stated. CCI admits that Diekman's employment was terminated by letter dated June 12, 2001 for the reasons stated therein. The remaining allegations are denied.

17. Denied. The Employment Agreement specifically provided for the deferral or adjustment of salary due to cash flow problems of CCI.. Diekman failed to generate sufficient

sales for ECM to generate cash flow to pay the stated salary.

18. Denied as stated. It is admitted that Diekman worked from January 19, 2001 until June 12, 2001. The remaining allegations are denied..

19. Denied.

20. Denied.

21. CCI, after reasonable investigation, is without knowledge sufficient to form a belief as to the truth of these allegations, and they are accordingly denied..

22. Denied as stated. CCI admits that Diekman has received $33,000 as payment in full of all amounts owed to him.

23. Denied as stated. It is admitted that CCI was incorporated in October 2000. The remaining allegations are denied.

24. It is specifically denied that Diekman was asked to perform any services for S&D or for Fishman. It is admitted that Diekman was hired based on his representations that he had substantial expertise in door-to-door marketing, but it is denied that he had any such expertise. All remaining allegations are denied. By way of further answer it is averred that ECM had experience in door to door marketing and that Diekman was hired by ECM to expand and drive its sales.

25. Denied.

26. Denied. To the contrary, Diekman lent CCI $50,000 with such loan being characterized as being for the issuance of a twenty percent equity interest in ECM. Fishman, however, had the absolute right to pay Diekman back the $50,000 plus interest by giving notice to Diekman before July 1, 2001. No stock was ever issued to Diekman, and Diekman's $50,000

contribution was returned to him.

27. Denied as stated. CCI already had a sales force at the time Diekman was hired, and Diekman was responsible for increasing sales through that sales force and new hires.

28. Denied.

29. Denied. To the contrary at the time Diekman was hired, ECM had operations in Philadelphia and New York.

30. Denied. To the contrary, although production goals were discussed, Diekman never finalized any production goals although as Managing Director. Diekman was responsible for establishing production goals

31. Denied. To the contrary, Diekman himself was responsible for establishing and meeting performance goals.

32. Denied.

33. Denied as stated. To the contrary, the amount of salary stated in the Employment Agreement was insisted on by Diekman even though both Diekman and CCI knew that the business could not generate sufficient income to pay both Diekman and Fishman without significant increases in sales which Diekman was responsible to produce. When there was insufficient revenue to pay both Diekman and Fishman, the salaries of both were adjusted and/or deferred as contemplated by the Diekman Employment Agreement.

34. Denied as stated. It is averred that Diekman generated insufficient revenue as Managing Director to make ECM profitable.

35. Denied. To the contrary, Diekman was paid all sums to which he was entitled.

36. Denied.

37. Denied.

## COUNT I

38. CCI incorporates its answers to paragraphs 1 through 37 of the Complaint.

39. Denied as stated. It is admitted that ECM and Diekman entered into the Diekman Employment Agreement which gave each of the parties certain rights and obligations.

40. Denied.

41. Denied.

42. It is denied that answering defendants owe any damages to Diekman.

WHEREFORE, Defendant Consumer Choice, Inc. (formerly known as Energy Choice Marketing, Inc.) prays that Count I of the Complaint be dismissed with prejudice and that it be awarded its costs of defense.

## COUNT II

43. CCI incorporates its answers to paragraphs 1 through 42 of the Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

WHEREFORE, Defendant Consumer Choice, Inc.(formerly known as Energy Choice Marketing, Inc.) prays that Count II of the Complaint be dismissed with prejudice and that it be awarded its costs of defense.

## AFFIRMATIVE DEFENSES

48. The Complaint fails to state a claim upon which relief can be granted.

49. If Plaintiff has suffered damages as alleged herein, which damages are specifically denied, those damages have been caused by Plaintiff's own culpable conduct rather than that of CCI.

50. Plaintiff's claims are barred by the applicable statute of limitations.

51. Plaintiff's claims are barred by the doctrine of laches.

52. Plaintiff, by his statements, acts and/or conduct is estopped from asserting that CCI owes Plaintiff any sums.

53. Plaintiff is barred from bringing this action because of his unclean hands.

54. To the extent that Plaintiff sustained losses and damage, such losses and damages are the direct and proximate result of Plaintiff's own acts and conduct and/or the conduct of other persons or entities for which CCI is not responsible.

55. Plaintiff failed to mitigate his damages.

56. The Complaint is barred by the doctrines of collateral estoppel and waiver.

57. Plaintiff induced CCI to enter into the Diekman Employment Agreement by fraud.

WHEREFORE, Defendant Consumer Choice, Inc. (formerly known as Energy Choice Marketing, Inc.) prays that the Complaint be dismissed with prejudice and for its costs.

## COUNTERCLAIM OF CONSUMER CHOICE INC. AGAINST DEFENDANT JOHN DIEKMAN

58. Defendant/Counterclaimant Consumer Choice, Inc. ("CCI") is a Pennsylvania corporation with its principal place of business at 2200 Michener Street, Philadelphia, PA 19115. CCI was formerly known as Energy Choice Marketing, Inc.

59. Plaintiff,/Counterclaim Defendant John Diekman ("Diekman") is a citizen of New Jersey, residing at 8200 Boulevard East, Apt. 8B, North Bergen, N.J.

60. This Court has jurisdiction over this matter under 28 U.S.C. §1332, and the amount in controversy in this matter is in excess of $75,000, exclusive of interests and costs.

61. In December 2000 or early January 2001, Diekman contacted CCI to solicit employment with CCI.

62. In seeking employment with CCI, Diekman represented to CCI and its employees that he had expertise in all aspects of door to door sales including developing sales scripts, opening offices, recruiting sales personnel and initial and ongoing training.

63. Diekman also represented that he had run offices in Michigan, Atlanta and New Jersey and that he was running a sales office in Cleveland at that time.

64. Based on these representations, CCI hired Diekman as its Managing Director pursuant to the Diekman Employment Agreement, a copy of which is attached as Exhibit "A" to the Complaint.

65. After slightly more than four months of employment, CCi terminated Diekman for cause based on Diekman's total inability to direct the door to door sales activities of CCI.

COUNT I
FRAUD AND MISREPRESENTATION

66. CCI incorporates the allegations of paragraphs 58 to 65 as if fully set forth.

67. The representations of Diekman concerning his expertise were false, these representations were known by Diekman to be false at the time they were made to CCI, and Diekman intended that CCI rely on these representations.

68. CCI reasonably relied on these representations.

69. In reliance on these false representations, CCI hired Diekman at an artificially inflated salary. Had CCI known that Diekman did not possess the represented expertise, it would not have hired Diekman.

70. As a result of relying on the misrepresentations, CCI suffered damages, including but not limited to, the salary and benefits provided to Diekman and delay in implementing a business plan and expanding its sales effort, in an amount in excess of $75,000.

WHEREFORE, Defendant/Counterclaimant Consumer Choice, Inc. Prays that judgment be entered in its favor in an amount to be determined, together with attorneys fees, costs and such other relief as the Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT

71. CCI incorporates the allegations of paragraphs 58 to 70 as if fully set forth.

72. Diekman breached the Diekman Employment Agreement by failing to use his best efforts to operate the business of CCI.

73. Diekman further breached the Diekman Employment Contract by, inter alia,

    a. authorizing his brother to lease a car for five weeks at the expense of CCI;

    b. permitting his girlfriend to operate a company car during which time she was in an accident causing serious damage to the car which was only partially reimbursed by insurance;

    c. Incurring many parking tickets in New York City and New Jersey which Diekman never paid while driving a vehicle registered in the name of Mr. Fishman, the President

of CCI, resulting in fines, penalties and notices for the suspension of the drivers license of Mr. Fishman since the car incurring the tickets was registered in Fishman's name;

    d.  Hiring incompetent sales managers for CCI's expansion

    e.  Providing confidential and proprietary information belonging to CCI to third parties about customers with whom CCI was negotiating so that the third parties could attempt to secure contracts with those customers to the detriment of CCI.

74.  CCI has fully performed its obligations under the Diekman Employment Agreement.

WHEREFORE, Defendant/Counterclaimant Consumer Choice, Inc. prays that judgment be entered in its favor in an amount to be determined, together with attorneys fees, costs and such other relief as the Court deems just and equitable.

                        Respectfully submitted,

Date: September 12, 2002                        _____

                        Stephen G. Burns, Esq.
                        Andrew S. Kasmen
                        BURNS & KASMEN
                        The Pavilion, Suite 630
                        261 Old York Road
                        Jenkintown, PA 19046
                        (215) 517-5800
                        Attorney for Defendant/Counterclaimant
                        Consumer Choice, Inc. (formerly known as
                        Energy Choice Marketing, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Counterclaim of Defendants Energy Choice Marketing, Inc. and Consumer Choice, Inc was sent by first-class mail, postage prepaid to the following on the 12th day of September, 2002:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____
Stephen G. Burns

ECM\Diekman\answ and counterclaim