IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN DIEKMAN | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 02-4681 |
| v. | : | |
| | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | |
| Defendants | : | |

MOTION OF S & D MARKETING, INC. TO DISMISS THE COMPLAINT

Defendant S&D Marketing, Inc."S&D) through its counsel, Burns & Kasmen, hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiff John Diekman ("Diekman").  As more fully described in the attached Memorandum of Law in Support of the Motion to Dismiss, the Complaint fails to state a cause of action against S&D because it was not a party to the contract at issue.  Wherefore, S&D prays that this action be dismissed with prejudice.

Respectfully submitted,

Date: September 13, 2002

_____
Stephen G. Burns, Esq.
Andrew S. Kasmen
BURNS & KASMEN
The Pavilion, Suite 630
261 Old York Road
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendant S&D Marketing, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN DIEKMAN | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO. 02-4681 |
| v. | : | |
| | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | |
|     Defendants | : | |

<u>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF S & D MARKETING, INC TO DISMISS THE COMPLAINT</u>

Defendant S&D Marketing, Inc.("S&D") submits this Memorandum of Law in support of its Motion to Dismiss the Complaint. For the reasons stated in more detail below, the Complaint fails to state a claim against S&D, and it should therefore be dismissed.

**I. Statement of the Case**

Plaintiff John Diekman ("Diekman") has filed a complaint naming as defendants Energy Choice Marketing ("ECM"), Consumer Choice, Inc. ("CCI"), Shai Fishman ("Fishman") and S&D. The Complaint asserts two counts of liability, but S&D is not implicated in Count II.

Count I is captioned "Breach of Employment Contract." The gravamen of this Count is that Diekman, ECM and Fishman entered into an Executive Employment Agreement ("Employment Agreement") for Diekman to be the Managing Director of ECM (¶¶7-8) and that the Employment Agreement was breached by ECM and Fishman. (¶42). Although seeking recovery against S&D, the Complaint does not allege that S&D was a party to the Employment Agreement.

1

Although the Complaint rambles on for 47 paragraphs, there are but a handful that refer to S&D: that S&D is a Pennsylvania corporation (¶4); that S&D and ECM commingled funds and at all relevant times acted as the alter ego or parent or managing agent of ECM (¶5); that ECM was incorporated as a "separate entity from S&D" (¶24); and that S&D had knowledge that the responsibilities that Diekman was given might be subject to volatility (¶25). Each of these allegations is extraneous to the issue of whether ECM breached the Employment Agreement.

**II. The Complaint Fails to State a Cause of Action Against S&D for Breach of Contract**.

Count I purports to assert a claim against S&D for breach of the Employment Agreement between Diekman and ECM. However, the Complaint notably does not allege that S&D either (i) was a party to the Employment Agreement or that (ii) S&D breached the Employment Agreement. Rather, the Complaint alleges that only ECM and Fishman breached the Employment Agreement (¶40).

It is a basic principle of contract law that no person can be sued for breach of contract who was not a party to the contract. Wolff v. Wilson, 28 Pa. Super 511 (1905); P.L.E. Contracts §384. Accordingly, the Complaint must be dismissed against S&D since there is no allegation that S&D was a party to the contract or that it breached the contract.

Having failed to allege either that S&D was a party to the contract or that S&D breached the contract, Plaintiff may perhaps be attempting to assert a claim based on the bald and unsupported allegation that ECM and S&D commingled funds (which the Court would presume to be true for purposes of this Motion to Dismiss). This spurious allegation, however, has no legal relevance to the issue of whether or not ECM breached the Employment Agreement, and it certainly is insufficient as a matter of law to impose liability on S&D for a contract to which it was not a party.

Similarly, the bald and unsupported allegation that S&D was the alter ego, parent or managing agent (¶5) is also legally irrelevant to the issue of whether there was a breach of contract. The complaint does not allege any action taken or not taken by S&D as the alter ego, parent or managing agent which has any factual or legal bearing on the performance of either Diekman or ECM under the Employment Agreement. Accordingly, no legal liability can attach by virtue of these allegations.

For the reasons set forth above, the Complaint fails to state a claim against Defendant S&D Marketing, Inc., and the Complaint against S&D Marketing, Inc. should accordingly be dismissed with prejudice.

Respectfully submitted,

Date: September 13, 2002

_____

Stephen G. Burns
Andrew S. Kasmen
BURNS & KASMEN

261 Old York Road, Suite 630
Jenkintown, PA 19046

Attorney for Defendant S&D Marketing, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Counterclaim of Defendants Energy Choice Marketing, Inc. and Consumer Choice, Inc was sent by first-class mail, postage prepaid to the following on the 13th day of September, 2002:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____
Stephen G. Burns

ECM\Diekman\s&d motion to dismiss

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. 02-4681 |
| v. : | |
| : | |
| ENERGY CHOICE MARKETING, : | |
| INC., ET AL. : | |
|     Defendants : | |

## ORDER

_____Upon consideration of the Motion of Defendant S&D Marketing, Inc. to Dismiss the Complaint and the response of Plaintiff thereto, it is

**ORDERED** that the Motion is granted and the Complaint is dismissed with prejudice as to Defendant S&D Marketing, Inc.

_____                    _____
Date                                                                    Joyner, J.