IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN<br>        Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>        Defendants | CIVIL ACTION NO. 02-4681 |

MOTION OF SHAI FISHMAN TO DISMISS THE COMPLAINT

Defendant Shai Fishman ("Fishman") through his counsel, Burns & Kasmen, hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiff John Diekman ("Diekman") against said Defendant, and in support thereof, states as follows:

The Complaint should be dismissed as against Fishman because the claim for breach of contract fails to state a claim upon which relief can be granted since (i) Fishman was not a party to the contract at issue, and (ii) the Complaint fails to allege facts that demonstrate the existence of any fiduciary duty on the part of Fishman, any breach of such a duty nor any compensable damages that resulted from any alleged breach.  In support of this Motion, Fishman submits the attached Memorandum of Law.

Wherefore, Defendant Shai Fishman prays that this action be dismissed with prejudice as against him  for failure to state a cause of action.

                                               Respectfully submitted,

Date: September 13, 2002                                    _____
                                                           Stephen G. Burns
                                                           Andrew S. Kasmen
                                                            BURNS & KASMEN
                                                           The Pavilion, Suite 630
                                                            261 Old York Road
                                                           Jenkintown, PA 19046
                                                           (215) 517-5800
                                                           Attorney for Defendant Shai Fishman

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN DIEKMAN | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 02-4681 |
| v. | : | |
| | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | |
| Defendants | : | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SHAI FISHMAN TO DISMISS THE COMPLAINT

Defendant Shai Fishman ("Fishman) submits this Memorandum of Law in support of his Motion to Dismiss the Complaint as against him. For the reasons stated in more detail below, the Complaint fails to state a claim against Fishman, and it should therefore be dismissed.

**I. Statement of the Case**

Plaintiff John Diekman ("Diekman") filed a Complaint naming as Defendants Energy Choice Marketing, Inc. ("ECM"), Consumer Choice, Inc.("CCI"), S&D Marketing, Inc. ("S&D") and Fishman. ECM and CCI are one and the same corporation, given that ECM amended its Articles of Amendment to change its name to CCI.[1] Fishman is alleged in the Complaint to be the owner and Chief Executive Officer of Defendants ECM and S&D. The Complaint asserts two counts of liability against Fishman: Count I for breach of employment contract and Count II for breach of fiduciary duty.

---

[1] This change of name is pleaded in the Answer and Counterclaim recently filed by ECM/CCI.

1

The gravamen of Count I is that Diekman, ECM and Fishman entered into an Executive Employment Agreement ("Employment Agreement") for Diekman to be the Managing Director of ECM (¶¶7-8) and that "the contract was breached by ECM and Fishman. (¶42). The alleged factual premise of Count II is that Fishman and Diekman were "partners" at the time of the breach and that as such Fishman owed Diekman a fiduciary duty (¶44); that Fishman diverted sales from corporate defendant ECM to corporate defendant S&D and commingled funds of those two corporations somehow to the detriment of Diekman (¶45); and that Fishman terminated Diekman's employment to acquire the ownership of ECM. (¶47).

Each of these Counts must be dismissed because they fail to state a claim against Fishman.

## II.  Count I Must be Dismissed Because Fishman Was Not a Party to the Contract Allegedly Breached.

Count I asserts a claim against Fishman for breach of the Employment Agreement between Diekman and ECM.  This cause of action is based on the allegation in paragraph 7 of the Complaint that "ECM and Fishman and Diekman entered into an 'Executive Employment Agreement' attached hereto as Exhibit 'A'."  The attachment, however, incontrovertibly shows that Fishman was not a party to the Employment Agreement.  The cover page states that it is an "Executive Employment Agreement Between Energy Choice Marketing, Inc. and John Diekman."  The introductory paragraph of the Employment Agreement recites the parties to be ECM and Diekman, and the only signature lines included  are for ECM and Diekman  Fishman is not named as a party nor did he execute the contract other than in his capacity as President and CEO of ECM.

Under Pennsylvania law, there was no contract between Fishman and Diekman. It is a basic principle of contract law that no person can be sued for breach of contract who was not a party to the contract. <u>Wolff v. Wilson</u>, 28 Pa. Super 511 (1905); P.L.E. Contracts §384. If a contract is in writing an is unambiguous, the intention of who is liable as a party is to be gathered from the language of the contract itself as a matter of legal construction. P.L.E. Contracts §191. Here, there is no ambiguity since Fishman is not named as a party to the Employment Agreement. Therefore, as a matter of law, Fishman was not a party to the contract, and no action for breach can be asserted against him.

The fact that Fishman signed the Employment Contract in his representative capacity as a corporate officer of ECM does not create any individual liability in the absence of a showing of contrary intention of the parties. <u>Viso v. Werner</u>, 369 A.2d 1185 (1977). Accordingly, Fishman has no liability to Diekman for breach of Diekman's Employment Agreement with ECM.[2]

### II. Count II Must be Dismissed Because the Complaint Fails to Plead a Claim for Breach of Fiduciary Duty Against Fishman

The factual predicate for the alleged breach of fiduciary duty is a mass of conclusory and inconsistent allegations that do not demonstrate either that there was any fiduciary obligation, a breach of that obligation or any damages sustained by Diekman as a result of that alleged breach.

---

[2] Other than the bald, and legally erroneous, allegation that Fishman was a party to the Employment Agreement, the only other alleged involvement of Fishman in the alleged breach of contract is that Fishman as CEO of ECM sent Diekman a letter terminating the employment agreement (¶16 and Exhibit "B" to the Complaint). No personal legal liability attaches to the act of a corporate officer in signing an employment termination letter when the corporate officer was not a party to the employment contract.

3

The alleged basis for the breach of fiduciary duty is the allegation in paragraph 44 of the Complaint that Fishman and Diekman "were partners at the time of the breach and as such Fishman owed Diekman a fiduciary duty." However, the Complaint does not allege the existence of either a written or oral partnership agreement, nor are the terms of such alleged partnership pleaded. Accordingly, Plaintiff has not sufficiently pleaded the existence of an agreement which establishes the existence of any fiduciary duty.[3] Having failed to plead facts which establish the existence of an agreement which imposes any fiduciary duties on Fishman, Plaintiff has failed to state a claim in Count II for a breach of fiduciary duty.

The allegations of diversion of sales and commingling of funds (which must be accepted as true for purposes of the Motion to Dismiss) do not state a claim for breach of any duties since there are no allegations concerning the relationship of the entities, any factual averment of the impropriety of any such events, or any averments of any rights of Diekman vis-a-vis such events. Moreover, there is no specific allegation of how Diekman was damaged by any such events since he does not plead any right or entitlement to any funds that may have been involved. Accordingly, Plaintiff has not pleaded the existence of a fiduciary duty, the breach of that duty or any damages suffered by Plaintiff, and Count II should therefore be dismissed.

---

[3]The Court can also treat this motion as a Motion for a More Definite Statement under Rule 12(e) if the Court is disinclined to dismiss under Rule 12(b)(6) since the allegations of Count II are so vague or ambiguous that Fishman cannot reasonably be required to frame a responsive pleading.

For the reasons set forth above, the Complaint fails to state a claim against Defendant Fishman, and the Complaint against Fishman should accordingly be dismissed with prejudice.

                                                          Respectfully submitted,

Date: September 13, 2002                                            _____

                                                                 Stephen G. Burns
                                                                 Andrew S. Kasmen
                                                                 BURNS & KASMEN
                                                                 The Pavilion, Suite 630
                                                                 261 Old York Road
                                                                 Jenkintown, PA 19046
                                                                 (215) 517-5800

                                                                Attorney for Defendant Shai Fishman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion of Shai Fishman to Dismiss the Complaint was sent by first-class mail, postage prepaid to the following on the 13th day of September, 2002:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____
Stephen G. Burns

ECM\Diekman\Fishman motion to dismiss

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN | : |
|     Plaintiff | : |
| | :    CIVIL ACTION NO. 02-4681 |
| v. | : |
| | : |
| ENERGY CHOICE MARKETING, INC., ET AL. | : |
|     Defendants | : |
| | : |

### ORDER

_____Upon consideration of the Motion of Defendant Shai Fishman to Dismiss the Complaint and the response of Plaintiff thereto, it is

**ORDERED** that the Motion is granted and the Complaint is dismissed with prejudice as to Defendant Shai Fishman.

_____
Date                                                Joyner, J.