IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN DIEKMAN<br>　　　　Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>　　　　Defendants | CIVIL ACTION NO. 02-4681 |

### OPPOSITION OF DEFENDANT CONSUMER CHOICE, INC. (FORMERLY KNOWN AS ENERGY CHOICE MARKETING, INC.) TO PLAINTIFF'S MOTION TO DISMISS COUNT I OF THE COUNTERCLAIM FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Defendant Consumer Choice, Inc. (formerly known as Energy Choice Marketing, Inc.) ("CCI"), through its counsel Burns & Kasmen, hereby answers and opposes Plaintiff John Diekman's ("Diekman") Motion to Dismiss Count I of the Counterclaim for Failure to State a Claim or in the Alternative Motion for a More Definite Statement ("Motion"). The Motion should be denied because (a) the Counterclaim pleads fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and (b) the Motion is moot since Diekman has filed an answer to the Counterclaim.

**A. The Counterclaim Pleads Fraud with Requisite Specificity**. The Motion avers that CCI failed to allege with the requisite particularity those facts necessary to state a cause of action for fraud and misrepresentation. The Motion is wrong. The gravamen of Count I of the Counterclaim is that Diekman misrepresented his qualifications and expertise in order to obtain employment as CCI's Managing Director, a job which he was not able to perform satisfactorily. The counterclaim alleges that Diekman represented that "he had expertise in all aspects of door

to door sales including developing sales scripts, opening offices, recruiting sales personal and initial and ongoing training. (Counterclaim ¶62) and that he had run offices in Michigan, Atlanta and New Jersey and that he was running a sales office in Cleveland (Counterclaim ¶63). The Counterclaim further alleges that CCI hired Diekman based on these representations (¶64) and that the representations of Diekman concerning his expertise were false (¶67).

The Motion alleges that the Counterclaim fails "to point out how these assertions were false and misleading." To the contrary, the Counterclaim alleges the specific falsity of the representations. Diekman claimed that he was qualified to perform the necessary job functions to justify a $140,000 salary as Managing Director based on specific representations about his job skills and expertise (i.e., that he had expertise in all aspects of door to door sales including developing sales scripts, opening offices, recruiting sales personal and initial and ongoing training) and general representations of his past performance which qualified him for the position (i.e., that he had run offices in Michigan, Atlanta and New Jersey and that he was running a sales office in Cleveland).

The Counterclaim goes well beyond general allegations of Diekman's "puffing" about his experience which might be subject to a demand for a more definite statement. Under the principles of notice pleading permitted by the Federal Rules of Civil Procedure, Diekman has received adequate notice of the alleged misrepresentations which are the basis of Count I. Diekman is on notice that CCI alleges that he did not have expertise in those specific areas delineated in paragraph 62 and did not have the experience delineated in paragraph 63. Diekman is able to adequately address the allegations and craft defenses by demonstrating that he actually had expertise in all areas of door to door sales including developing sales scripts, opening offices,

recruiting sales personal and initial and ongoing training.  Similarly he also is on notice that he will need to prove the truth of his representations about his prior employment which he made in an effort to induce CCI to hire him.

      **B.  The Motion is Moot Because Diekman Has Answered the Counterclaim.**  Not only has fraud been plead with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure, but Diekman has answered the Counterclaim, thereby rendeering the Motion moot.  In his answer to the Counterclaim, Diekman has admitted making the representations outlined in paragraph 62 and denied making the representations outlined in paragraph 63.  It thus appears that the allegations were specific enough for Diekman to plead to them.

      For the above reasons, Defendant Consumer Choice, Inc. prays that the Motion be denied

                Respectfully submitted,

Date: November 13, 2002                    _____
                                            Stephen G. Burns, Esq.
                                            Andrew S. Kasmen
                                            BURNS & KASMEN
                                            261 Old York Road, Suite 630
                                            Jenkintown, PA 19046
                                            (215) 517-5800
                                            Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition of Defendant Consumer Choice, Inc. (Formerly Known as Energy Choice Marketing, Inc.) To Plaintiff's Motion to Dismiss Count I of the Counterclaim for Failure to State a Claim or in the Alternative Motion for a More Definite Statement was sent by first-class mail, postage prepaid to the following on the 13th day of November, 2002:

    Michael McDonnell, Esquire
    Ryan Brown McDonnell Berger and Gibbons
    1600 Market Street, 14th Floor
    Philadelphia, PA 19103-7240

                                                                                                _____
                                                                                                Stephen G. Burns

ECM\Diekman\ opp to motion to dismiss counterclaim

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. 02-4681 |
| v. : | |
| : | |
| ENERGY CHOICE MARKETING, : | |
| INC., ET AL. : | |
|     Defendants : | |

## ORDER

_____Upon consideration of the Opposition of Defendant Consumer Choice, Inc. (Formerly Known as Energy Choice Marketing, Inc.) To Plaintiff's Motion to Dismiss Count I of the Counterclaim for Failure to State a Claim or in the Alternative Motion for a More Definite Statement and the response of Plaintiff thereto, it is

    **ORDERED** that the Motion is denied.

_____                              _____

Date_____Joyner, J.