IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
JOHN DIEKMAN                        :
            Plaintiff               :
                                    :     CIVIL ACTION NO. 02-4681
v.                                  :
                                    :
ENERGY CHOICE MARKETING,            :
INC., ET AL.                        :
            Defendants              :
_____    :


## DEFENDANTS' MOTION. FOR RECONSIDERATION OF THE TWO NOVEMBER15, 2002 ORDERS WHICH  DENIED THE MOTIONS TO DISMISS THE COMPLAINT AS MOOT AND WHICH DISMISSED COUNT I OF THE COUNTERCLAIM AS UNCONTESTED

_____Defendants Shai Fishman ("Fishman"),  S & D Marketing, Inc. ("S&D") and Consumer

Choice, Inc.(formerly known as Energy Choice Marketing, Inc.) ("CCI"), through their counsel,

Burns & Kasmen, pursuant to Local Rule of Civil Procedure 7.1(g), hereby move the Court for

reconsideration of (I) the Court's Order dated November 15, 2002 which denied the two separate

Motions to Dismiss of Fishman and S&D as moot since an amended complaint had been filed

and (II) the Court's Order dated November 15, 2002 which granted Plaintiff's Motion to Dismiss

Count I of the Counterclaim as uncontested.  As more fully set forth in the accompanying

Memorandum of Law, the two Motions to Dismiss were not moot since the Amended Complaint

was improperly filed without leave of court or consent of defendants,  and the Motion to Dismiss

Count I of the Counterclaim was contested.  Because the Court did not consider any of the three

motions on their respective merits in entering the two November 15, 2002 Orders, the Court

should reconsider the motions, vacate the two Orders and consider each of the three motions on

their respective merits. Defendants respectfully submit that upon consideration of the merits of

the motions, the Court should deny Plaintiff's Motion to Dismiss Count I or the Counterclaim

and should grant the motions of both Fishman and S&D to dismiss the Complaint.

Respectfully submitted,

Date: November 20, 2002                    _____

Stephen G. Burns
Andrew S. Kasmen
BURNS & KASMEN
The Pavilion, Suite 630
261 Old York Road
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendant Shai Fishman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants'

Motion For Reconsideration of the Two November 15, 2002 Orders Which  Denied the Motions to

Dismiss the Complaint as Moot and Which Dismissed Count I of the Counterclaim as Uncontested

was sent by  first-class mail, postage prepaid to the following on November 20, 2002.

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____

Stephen G. Burns

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                :
JOHN DIEKMAN                    :
            Plaintiff           :
                                :   CIVIL ACTION NO. 02-4681
v.                              :
                                :
ENERGY CHOICE MARKETING,        :
INC., ET AL.                    :
            Defendants          :
_____:

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION. FOR
RECONSIDERATION OF THE TWO ORDERS WHICH  DENIED THE MOTIONS TO
DISMISS THE COMPLAINT AS MOOT AND WHICH DISMISSED COUNT I OF THE
COUNTERCLAIM AS UNCONTESTED

Defendants Shai Fishman ("Fishman"),  S & D Marketing, Inc. ("S&D") and Consumer

Choice, Inc. ("CCI")(formerly known as Energy Choice Marketing, Inc. ("ECM")) submit this

Memorandum of Law in support of their Motions for Reconsideration of the Two November 15,

2002 Orders Which  Denied the Motions to Dismiss the Complaint as Moot and Which Dismissed

Count I of the Counterclaim as Uncontested.  For the reasons stated below the Court should

reconsider the Orders and grant the Motions to Dismiss of Fishman and S&D and deny Plaintiff's

Motion to Dismiss Count I of the Counterclaim.

### I. Statement of the Case

Plaintiff John Diekman ("Diekman") filed a Complaint in the Philadelphia Court of

Common Pleas against ECM, CCI, S&D and Fishman.  The action was removed to this Court in

July 2002.  CCI filed an answer and counterclaim on September 12, 2002.  On September 13, 2002,

1

Fishman and S&D filed separate motions to dismiss the complaint.  More than one month later, on

October 18, 2002 Diekman filed an answer to the counterclaim as well as a motion to dismiss count

I of the counterclaim.  Although the motions to dismiss were pending, Diekman, without leave of

court and without the consent of defendants, filed an Amended Complaint on October 18, 2002.

Because the amended complaint was improper under Fed.R Civ.P. 15(a), Defendants filed a Motion

to Strike the Amended Complaint on November 12, 2002.  Defendant CCI filed an Oopposition to

the Motion to Dismiss Count I of the Counterclaim on November 13, 2002.   The Court then entered

its two orders on November 15, 2002.

### II.  The Motions to Dismiss Are Not Moot Since the Amended Complaint Was Improperly Filed.

The Court's November 15, 2002 Order (a copy of which is attached as Exhibit A) which

denied the Motions to Dismiss as moot because an Amended Complaint had been filed is clearly

erroneous.  For the reasons stated in Defendants' Motion to Strike the Amended Complaint, that

pleading was filed in violation of Rule 15(a) since after a responsive pleading is served, a  party

may amend the party's pleading only by leave of court or by written consent of the adverse party.

Since the Amended Complaint must be stricken, its existence cannot be the basis for denying the

motions to dismiss.[1]   Accordingly, Defendants submit that the Court must consider the motions to

dismiss on their own merits and not dismiss them as moot.

---

[1]To the extent that the Court questions why Defendants have not consented to the filing of
the Amended Complaint in the interest of judicial economy, the Court should be aware that
Defendants believe that there are no viable causes of action against defendants Fishman and
S&D.  That is why each filed a Motion to Dismiss the Complaint.  Defendants believe that
Fishman and S&D were originally included as defendants solely as potential "deep pockets" even
though they had no involvement in what is a breach of employment contract case between
Diekman and an insolvent employer, Defendant CCI.  If the Court grants Fishman's and S&D's
pending Motions to Dismiss the Complaint, then Diekman will be precluded from embarking on
the discovery fishing expedition which Diekman seeks in an effort to squeeze a settlement from
third parties who were not signatories to the employment agreement.

## II.  The Motion to Dismiss Count I of the Counterclaim Was Opposed and the Motion Should Have Been Denied Based on the Merits of the Arguments Presented in the Opposition to That Motion.

The Court's November 15, 2002 Order (a copy of which is attached as Exhibit B) which granted Plaintiff's Motion to Dismiss Count I of the Counterclaim (the "Counterclaim Motion") as uncontested should also be reconsidered because ECM and CCI did, in fact, file a meritorious opposition to the Counterclaim Motion before entry of the Order. Defendants acknowledge that the Opposition was filed more than fourteen days after service as required under Local Rule 7.1(c). However, this late filing is excusable, and the Opposition should be considered by the Court.

First, counsel have fully cooperated with each other with respect to extending filing deadlines for prior responses.  Each party granted extensions to the other to facilitate settlement discussions with Judge Reuter.  Plaintiff was, in fact, permitted thirty-five days to plead to the Counterclaim. Thus, the parties have had no prior objections to late filings.

Second, the Counterclaim Motion was filed at the same time as the Amended Complaint, which, as stated above, created procedural irregularities which counsel discussed on several occasions in an effort to straighten out the difficulties created thereby.  Based on these discussions, counsel presumed, given the history of cooperation between counsel, that responses could be filed simultaneously even though the Counterclaim Motion and the Amended Complaint have different response times under the rules.

3

Third, when the Counterclaim Motion was served, counsel was preoccupied with trial preparation for a complex commercial case in the Lehigh County Court of Common Pleas. That trial began on November 1. Counsel was retained as substitute counsel in that action only on October 9th after it became apparent to the client that prior counsel had failed to obtain any documents in discovery and was unprepared to try the action. The Lehigh County Court refused an application for continuance of the trial date beyond November 1. In order to prepare that action for trial, counsel did not have adequate time to respond to the Motion in a timely manner.

Fourth, Defendants' Opposition to the Counterclaim Motion is meritorious. As stated more fully in the Opposition, Count I of the Counterclaim did plead fraud with specificity. Moreover, Plaintiff filed an Answer to the Counterclaim concurrently with filing the Counterclaim Motion, thereby rendering the Counterclaim Motion moot.

Under governing law, a motion for reconsideration is warranted when a prior determination was clearly erroneous in fact or law and would create manifest injustice. Berg Chilling Sys., Inc. v. Hull Corp., No. 00-5075, 2002 U.S.Dist. LEXIS 12281, at *4 (E.D.Pa. 2002), citing Public Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 116-117 (3d Cir. 1997). Neither of the two Orders were determined on the merits. Rather, one Order was premised on the mistaken belief that an Amended Complaint had been properly filed, and the second Order was premised on the mistaken belief that the no opposition had been filed. These are therefore appropriate circumstances for the reconsideration of the two Orders.

For the reasons set forth above, the Court should reconsider the two Orders and instead grant the Motions to Dismiss filed by Defendants Fishamn and S&D and deny Plaintiff's Motion to Dismiss Count I of the Counterclaim.

4

Respectfully submitted,

Date: November 20, 2002

_____

Stephen G. Burns
Andrew S. Kasmen
BURNS & KASMEN
The Pavilion, Suite 630
261 Old York Road
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendants

ECM\Diekman\Fishman motion for reconsideration

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DIEKMAN              :
           Plaintiff        :
                             :      CIVIL ACTION NO. 02-4681
v.                           :
                             :
ENERGY CHOICE MARKETING,  :
INC., ET AL.               :
          Defendants    :
                             :

<u>ORDER</u>

_____Upon consideration of Defendants' Motion For Reconsideration of the Two November 15,

2002 Orders Which  Denied the Motions to Dismiss the Complaint as Moot and Which Dismissed

Count I of the Counterclaim as Uncontested and the response of Plaintiff thereto, it is

        **ORDERED** that the Motion is granted and the Court's Orders of November 15, 2002

denying the Motions to Dismiss the Complaint as Moot and granting the Motion to Dismiss Count I

of the Counterclaim as uncontested are hereby **VACATED**.  It is further

        **ORDERED** that the Motions of Defendants Shai Fishman and S&D Marketing, Inc. to

Dismiss the Complaint are **GRANTED** and the Complaint is dismissed with prejudice as to

Defendants Shai Fishman and S&D Marketing, Inc. only.  It is further

        **ORDERED** Plaintiff's Motion to Dismiss Count I of the Counterclaim for Failure to State a

Claim or in the Alternative Motion for a More Definite Statement is **DENIED**.


_____               _____

Date_____Joyner, J.