IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIEKMAN | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | NO. 02-4681 |
| Defendant | : | |

## **ORDER**

AND NOW, this        day of                    , 2003, upon consideration of Defendant's Motion to Strike Plaintiff's Amended Complaint, the Motion is DENIED and Defendant is directed to respond to the Amended Complaint in the time permitted under the applicable Rules of Civil Procedure.

BY THE COURT:

_____
J. Curtis Joyner          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIEKMAN | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | NO. 02-4681 |
| Defendant | : | |

**REPLY TO DEFENDANT'S MOTION TO STRIKE
THE FIRST AMENDED COMPLAINT**

Plaintiff relies on the facts set forth in the within Brief and incorporates by reference same as if fully set forth herein at length.

Dated:  December 27, 2002

Respectfully submitted,

RYAN, BROWN, McDONNELL,
BERGER & GIBBONS, P.C.

By _____
Michael T. McDonnell, III
Attorney I. D. No. 60111
Attorney for Plaintiff
John Diekman

1600 Market Street, 14th Floor
Philadelphia, PA   19103-7240
(215) 564-3800

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIEKMAN | : | CIVIL ACTION |
|       Plaintiff | : | |
| v. | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | NO. 02-4681 |
|       Defendant | : | |

## MEMORANDUM OF LAW IN SUPPORT THEREOF

On September 12, 2002, Defendants Energy Choice Marketing, Inc. ("ECM") and its successor in interest, Consumer Choice, Inc. ("CCI") filed and served an Answer and Counterclaim. On September 13, 2002, Defendants Fishman and S&D Marketing, Inc. ("S&D") each filed and served a Motion to Dismiss the Complaint under Rule 12(b)(6).

On September 30, 2002, the parties held a settlement conference with Magistrate Judge Reuter but were unable to settle this action.

On October 17, 2002, Plaintiff filed an Amended Complaint as to Defendant Fishman and Defendant S&D. Defendants Fishman and S&D now complain that Plaintiff has violated Rule 15(a) of the Federal Rules of Civil Procedure.

A party may amend a pleading without leave of court or consent of opposing parties once, under either of two circumstances. First, a pleading may be amended of right if the amendment is filed before receipt of a responsive pleading to the earlier unamended version of the pleading. Alternatively, if the pleading to be amended is one requiring no responsive pleading, and the action has yet to have been

placed on the Court's trial calendar, Rule 15(a) expressly provides for an amendment of right if the amendment is filed within twenty (20) days after service of the previous version of the pleading. Plaintiff may avail himself properly of the first of the two foregoing contingencies.

In filing the instant Motion to Strike, Defendants S&D and Fishman forgot their Motions are not responsive pleadings as Rule 7(a) and (b) make clear. Motions filed by these two parties are therefore not responsive pleadings within the meaning of Rule 15(a). Thus, since S&D and Fishman opposed the Complaint with a 12(b)(6), Plaintiff could amend as a matter of right because the Complaint had not evoked a responsive pleading.

The Federal Rules Handbook 2002, Baicher-McKee, Janssen Corr. (West, 2002) makes it clear that where there are multiple opposing parties where some have filed responsive pleadings and others have not, that courts generally hold that the original pleading may be amended as of right, at least as to those parties that have not yet plead, citing *Barksdale v. King*, 699 F.2d 744 (5th Cir. 1983). The fact that Defendants' counsel represents multiple entities and chooses to file responsive pleadings for some defendants but for less than all the defendants, does not mean he has eradicated Plaintiff's right to amend as a matter of right.

In the alternative, should this Court determine that Plaintiff had no right to amend without consent or leave of Court, Plaintiff requests relief under Rule 15(a) as there has been no prejudice and no delay. No discovery has taken place. Indeed, Defendants' discovery is substantially overdue. The aforesaid Handbook makes it clear that no unfair prejudice exists simply because a party has to defend against new or better pleaded claims.

As this Court has consistently determined, leave to amend shall be freely given as justice requires. In the instant matter, such leave should be granted *nunc pro tunc* and Defendant's Motion to Strike should be dismissed.

Dated: December 27, 2002	Respectfully submitted,

RYAN, BROWN, McDONNELL,
BERGER & GIBBONS, P.C.


By_____
Michael T. McDonnell, III
Attorney I. D. No. 60111
Attorney for Plaintiff
John Diekman

1600 Market Street, 14th Floor
Philadelphia, PA  19103-7240
(215) 564-3800