IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN DIEKMAN | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 02-4681 |
| v. | : | |
| | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | |
| Defendants | : | |

## MOTION OF S&D MARKETING, INC. TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Defendant S&D Marketing, Inc. ("S&D"), through its counsel, Burns & Kasmen, hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count III of the Amended Complaint of Plaintiff John Diekman ("Diekman"). As more fully described in the attached Memorandum of Law in Support of this Motion to Dismiss, Count III of the Amended Complaint fails to state a cause of action against S&D for tortious interference with Diekman's employment agreement. Wherefore, S&D prays that this action be dismissed with prejudice.

Respectfully submitted,

Date: February 25, 2002

_____
Stephen G. Burns
Andrew S. Kasmen
BURNS & KASMEN
The Pavilion, Suite A-51
261 Old York Road
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendant S&D Marketing, Inc.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN<br>    Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>    Defendants | CIVIL ACTION NO. 02-4681 |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF S & D MARKETING, INC.
TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Defendant S&D Marketing, Inc. ("S&D") submits this Memorandum of Law in support of its Motion to Dismiss Count III of the Amended Complaint. For the reasons stated in more detail below, Count III of the Amended Complaint (the only Count which alleges claims against S&D) fails to state a claim against S&D, and it should therefore be dismissed.

I. STATEMENT OF THE CASE

Plaintiff John Diekman ("Diekman") filed a complaint naming as defendants Energy Choice Marketing ("ECM"), Consumer Choice, Inc. ("CCI"), Shai Fishman ("Fishman") and S&D. The Complaint asserted that somehow S&D was legally liable for the alleged breach by ECM of an Executive Employment Agreement ("Diekman Employment Agreement") for Diekman to be the Managing Director of ECM. S&D filed a Motion to Dismiss the Complaint, and in response thereto, Diekman filed the Amended Complaint at issue. The Amended Complaint keeps intact the factual allegations asserted in the Complaint against S&D, but now

1

adds a Count III with additional allegations which purport to state a cause of action for tortious interference with contract.

In the Amended Complaint, Diekman, in search of a cause of action to try to keep a perceived "deep-pocket" in the case, now slaps together a new set of vague, indefinite and conclusory allegations to go together with the original complaint's allegations that S&D and ECM commingled funds and that S&D at all relevant times acted as the alter ego or parent or managing agent of ECM (Amended Complaint, ¶5). This confused mixing of alter ego liability allegations and vague independent third party actor allegations lead to the inescapable legal conclusion that Plaintiff has failed to state a cause of action for tortious interference with contract against S&D.

## II. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST S&D FOR TORTIOUS INTERFERENCE WITH CONTRACT.

Count III purports to assert a claim against S&D for tortious interference with contract, yet the Amended Complaint fails to specify what contract was interfered with or the specific nature of the alleged tortious activity. Under Fed. R.Civ.P. 8(a), a complaint must outline all of the elements of the claim showing that the pleader is entitled to relief, and the complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the asserted cause of action. Taking the well-pleaded allegations of the Amended Complaint as true, Plaintiff has failed to satisfy the elements of the cause of action for tortious interference with contract.

Under Pennsylvania law "[t]he tort of inducing breach of contract ... is defined as inducing or otherwise causing a third person not to perform a contract with another ... without a privilege to do so." National Data Payment Systems, Inc. v. Meridian Bank, 212 F.3d 849 (3d

Cir. 2000), quoting Glazer v. Chandler , 414 Pa. 304, 200 A.2d 416,418 (1964).  Under no reading of Count III can it be said that there are allegations that S&D induced or caused CCI not to perform the Diekman Employment Agreement.

As recently stated by the Third Circuit in Buskirk v. Apollo Metals, 307 F.3d 160, 170-171 (2002), in order to prevail on a claim of intentional interference with contractual or prospective contractual relations,[1] a plaintiff must prove:

> (1) the existence of a contractual, or prospective contractual relation between itself and a third party;
> (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent the prospective relation from occurring;
> (3) The absence of a privilege or justification on the part of the defendant;
> (4) the occasioning of actual legal damage as a result of the defendants' conduct; and
> (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the interference of the defendant.

In order to prevail on his tortious interference with a contract, Plaintiff must show that (1) he had a contract with ECM, (2) that S&D's conduct of its business was specifically intended intended to induce or cause ECM to break its contract with Plaintiff and that (3) S&D acted without privilege or justification (i.e., "improperly"). Ryan v. Lower Marion Township, 205 F.Supp.2d 434 (E.D. Pa. 2002).  Plaintiff bears the burden of proving all three elements. Nathanson v Medical College of Pennsylvania, 926 F.2d 1368, 1388 (3d Cir. 1991); Buczek v. First Nat'l Bank of Mifflintown, 366 Pa.Super. 551, 557, 531 A.2d 1122, 1124 (1987).  As measured against these elements, the allegations of the Amended Complaint fail to allege facts adequate to state a prima facie case of tortious interference with contract.

---

[1] Diekman does not appear to be alleging any claims of interference with prospective contractual relations, and the fifth element is not at issue in this matter.

**A. The Alleged Contract Is Not Pleaded With Specificity.** Count III fails to specifically state which of Diekman's contractual relations was interfered with. Presumably, Plaintiff is referring to the Diekman Employment Agreement, since he alleges in paragraph 66 that S&D "competed and interfered with Diekman's ability to perform and grow the door-to-door business," and in paragraph 68 that "Diekman was deprived of salary and commissions and was subsequently terminated for cause." For purposes of this Motion to Dismiss, S&D will assume that the Diekman Employment Agreement is the operative contract at issue.

**B. Diekman Fails to Plead that S&D Took Purposeful Action Specifically Intended to Harm the Diekman's Existing Contractual Relations.** The conclusory allegations of Count III do not satisfy this element of the cause of action. Because the tort is an intentional one, in order to state a claim Plaintiff must allege that S&D acted for the specific purpose of causing harm to the contractual relationship at issue. Glenn v. Point Park College, 441 Pa. 474, 477, 272 A.2d 895, 897 (1971); ZA Consulting, LLC v. Wittman, 2002 WL 31898369 (Phila CCP 2002).

The Amended Complaint does not allege that S&D took any action **intending** to harm Plaintiff. Rather, the allegations are simply that actions taken by S&D, a third party corporation, allegedly harmed Plaintiff. Such an allegation is legally insufficient.

Given the vague allegations of Count III it is somewhat difficult to know what, if any, actions S&D took. However, the Amended Complaint certainly does not allege that these non-specific actions were either purposeful or intended to harm Plaintiff.

The operative allegations of Count III appear to be the following:

- that S&D began to book sales of door-to-door commissions in its ledgers and its officers diverted funds away from ECM (¶65)
- that S&D competed and interfered with Diekman's ability to perform his job and

4

- grow the door-to-door business (¶66)
- that S&D used confidential and proprietary sales information that was brought by Diekman to deprive ECM of clients and sales revenue (¶67)
- that but for S&D's tortious interference with ECM's business, Diekman would not have been terminated (¶ 69) and
- that but for S&D's management and accounting, Diekman's contract with ECM could have been maintained.( ¶70)

None of these averments specifically allege that S&D took any action specifically intended to harm the Diekman Employment Contract. Accepting the allegations as true for purposes of a 12(b)(6) motion, the allegations, whether taken individually or collectively, do not establish an intent to harm Plaintiff.

1. **S&D's Door to Door Sales (¶65)**. The Amended Complaint has only alleged that S&D booked door-to-door sales. There is no allegation that these efforts were intended to harm Diekman. This allegation is nothing more than a simple claim that S&D's conduct of its own business somehow prevented Diekman from performing under his Employment Agreement. The false and defamatory allegations that S&D's officers diverted funds away from ECM does not support Diekman's claim for tortious interference since that claim, if it were to be proven, would only provide a cause of action to ECM against S&D and not a cause of action to Plaintiff who was an employee of ECM. The alleged actions of S&D are not alleged to have been directed at Diekman, and the effects on him were only incidental and non-actionable consequences.

2. **S&D's Competition** (¶66). Diekman alleges in paragraph 66 that S&D competed and interfered with Diekman's ability to perform his job and grow the door-to-door business. This allegation is so vague and ambiguous, there is no way to know what Diekman is alleging.[2]

---

[2] S&D submits that this allegation is so vague and ambiguous that a separate Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure would also be appropriate if the Court determines that a conclusory statement would suffice to defeat the instant Motion. S&D further submits that a responsive pleading cannot be framed to most of the allegations of Count III because of the vagueness of the allegations.

5

Competition for sales, without more than is alleged here, fails to establish the tort.

   3. **S&D's Use of Confidential and Proprietary Sales Information (¶67).** The bald and unsupported allegation that S&D used confidential and proprietary sales information that was brought by Diekman to deprive ECM of clients and sales revenue fails to satisfy the pleading requirements for the same reason as stated in subsection 1 above : any cause of action for misappropriation of trade secrets would belong to ECM and not Diekman. There is simply no allegation about how the alleged misappropriation caused any loss of clients or sales revenue to ECM or what, if any, effect there was on Diekman's performance of his Employment Agreement.

   4. **S&D's Tortious Interference with ECM's Business Was the "But-For" Reason for Diekman's Termination (¶ 69).** The allegations of paragraph 69, rather than supporting the claimed cause of action, in fact, refute the cause of action. Diekman admits that the alleged tortious interference was with "ECM's business" and not with Diekman himself. Therefore, Diekman was not the target of the alleged actions.

   5. **S&D's Management and Accounting Caused the Termination of Diekman's Employment Agreement ( ¶70) .** The entirely pretextual allegations of Diekman are reflected in the allegations of paragraph 70 where he alleges: "But for S&D's management and accounting, Diekman's contract with ECM could have been maintained." How the management and accounting of a third party corporation could have been intended to harm Diekman can only be left to the imagination of the Court. However, well-pleaded facts and not imagination are the standard for a 12(b)(6) motion.

**C. Count III Is Fatally Defective Because Diekman Failed to Plead the Absence of Privilege for S&D's Actions.** Plaintiff has failed to satisfy the pleading requirement of alleging the absence of a privilege or justification for the actions of S&D. Pennsylvania courts have discussed the definition of "privilege" in the context of a claim for intentional interference in great detail:

> Unlike other intentional torts such as intentional injury to person or property or defamation, this branch of tort law has not developed a crystallized set of definite rules as to the existence or non-existence of a privilege to act in the manner stated in [Restatement (Second) of Torts] §§766, 766A or 766B[3]

Ruffing v. 84 Lumber Co., 410 Pa.Super. 459, 468, 600 A.2d 545, 549 (1992) (quoting Adler, Barish, Daniels, Levin & Creskoff v. Epstein, 482 Pa. 416, 433 n. 17, 393 A.2d 1175, 1184 n. 17 (1978), and Restatement (Second) of Torts §767 cmt. b). Because of this, Pennsylvania courts have held that "the absence of privilege or justification on the part of the defendant is merely another way of stating that the defendant's conduct must be improper." Cloverleaf Development, Inc. v. Horizon Fin., F.A., 347 Pa.Super. 75, 83, 500 A.2d 163, 167 (quoting Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Div., 281 Pa.Super. 560, 581 n. 11, 422 A.2d 611, 622 n. 11 (1980)) (quotation marks omitted). See also Adler, Barish, Daniels, Levin & Creskoff, 482 Pa. at 433 n. 17, 393 A.2d at 1184 n. 17 (noting that Restatement (Second) of Torts § 767 "focuses upon whether conduct is 'proper,' rather than 'privileged' ").

To determine whether a defendant's conduct is improper, a court must weigh the following factors:

---

[3]These sections address intentional interference with performance of contract by a third party, intentional interference with another's performance with his own contract and intentional interference with prospective contractual relations.

     (a) the nature of the actor's conduct;
     (b) the actor's motive;
     (c) the interests of the other with which the actor's conduct interferes;
     (d) the interests sought to be advanced by the actor;
     (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other;
     (f) the proximity or remoteness of the actor's conduct to the interference; and
     (g) the relations between the parties.

<u>Small v. Juniata College</u>, 452 Pa.Super. 410, 418, 682 A.2d 350, 354 (1996) (quoting Restatement (Second) of Torts § 767. Plaintiff has simply chosen to ignore this element of the cause of action. The allegations of Count III claim that S&D was a separate entity from ECM, that S&D engaged in telephone marketing, that in 2001 S&D began to engage in door- to-door sales, and that these efforts interfered with Diekman's ability to perform his job. The Amended Complaint does not allege that S&D was in any way prohibited or constrained from engaging in door-to-door sales. The allegations of the Amended Complaint are not only not actionable, but they fail to allege that any of these efforts were improper

### III.  CONCLUSION

     For the reasons set forth above, Count III of the Complaint fails to state a claim against Defendant S&D Marketing, Inc., and the Complaint against S&D Marketing, Inc. should accordingly be dismissed with prejudice.

                                             Respectfully submitted,

Date: February 25, 2003                                      _____
                                                             Stephen G. Burns
                                                             Andrew S. Kasmen
                                                             BURNS & KASMEN
                                                            261 Old York Road, Suite 630
                                                           Jenkintown, PA 19046
                                                           Attorney for Defendant S&D Marketing, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion of S&D Marketing, Inc. to Dismiss the Amended Complaint and accompanying Memorandum of Law was sent by first-class mail, postage prepaid to the following on the 25th day of February, 2003:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____
Stephen G. Burns

ECM\Diekman\s&d motion to dismiss amended complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. 02-4681 |
| • : | |
| : | |
| ENERGY CHOICE MARKETING, : | |
| INC., ET AL. : | |
|     Defendants : | |

ORDER

_____Upon consideration of the Motion of Defendant S&D Marketing, Inc. to Dismiss Count II of the Amended Complaint and the response of Plaintiff thereto, it is

**ORDERED** that the Motion is granted and Count III of the Amended Complaint is dismissed with prejudice.

_____          _____
Date                                                                             Joyner, J.