IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN<br>　　　Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>　　　Defendants | CIVIL ACTION NO. 02-4681 |

MOTION OF SHAI FISHMAN TO DISMISS COUNT II OF THE AMENDED COMPLAINT

Defendant Shai Fishman ("Fishman") through his counsel, Burns & Kasmen, hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Count II of the Amended Complaint of Plaintiff John Diekman ("Diekman") against said Defendant, and in support thereof, states as follows:

The Complaint should be dismissed as against Fishman because the claim for breach of fiduciary duty in Count II fails to state a claim upon which relief can be granted since Count II fails to allege facts that demonstrate the existence of any fiduciary duty on the part of Fishman, any breach of such a duty nor any compensable damages that resulted from any alleged breach. In support of this Motion, Fishman submits the attached Memorandum of Law.

1

Wherefore, Defendant Shai Fishman prays that Count II of the Amended Complaint be dismissed with prejudice for failure to state a cause of action.

                                                              Respectfully submitted,

Date: February 25, 2003                                _____
                                                          Stephen G. Burns
                                                          Andrew S. Kasmen
                                                          BURNS & KASMEN
                                                          The Pavilion, Suite A-51
                                                          261 Old York Road
                                                          Jenkintown, PA 19046
                                                          (215) 517-5800
                                                          Attorney for Defendant Shai Fishman

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIEKMAN : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. 02-4681 |
| v. : | |
| : | |
| ENERGY CHOICE MARKETING, : | |
| INC., ET AL. : | |
|    Defendants : | |
| : | |

### ORDER

_____Upon consideration of the Motion of Defendant Shai Fishman to Dismiss Count II of the Complaint and the response of Plaintiff thereto, it is

**ORDERED** that the Motion is granted and Count II of the Complaint is dismissed with prejudice.

_____            _____
Date                      Joyner, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN DIEKMAN | : | |
|     Plaintiff | : | |
|  | : | CIVIL ACTION NO. 02-4681 |
| v. | : | |
|  | : | |
| ENERGY CHOICE MARKETING, INC., ET AL. | : | |
|     Defendants | : | |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SHAI FISHMAN TO DISMISS THE COMPLAINT

Defendant Shai Fishman ("Fishman) submits this Memorandum of Law in support of his Motion to Dismiss Count II of the Amended Complaint. For the reasons stated in more detail below, the Amended Complaint fails to state a claim for breach of fiduciary duty against Fishman, and it should therefore be dismissed.

### I. STATEMENT OF THE CASE

Plaintiff John Diekman ("Diekman") filed a Complaint naming as Defendants Energy Choice Marketing, Inc. ("ECM"), Consumer Choice, Inc. ("CCI"), S&D Marketing, Inc. ("S&D") and Fishman. ECM and CCI are one and the same corporation, given that ECM amended its Articles of Amendment to change its name to CCI.[1]   Fishman is alleged in the Complaint to be the owner and Chief Executive Officer of Defendants ECM and S&D. The Complaint asserted two counts of liability against Fishman: Count I for breach of the

---

[1] This change of name is pleaded in the Answer and Counterclaim filed by ECM/CCI.

1

employment contract between ECM/CCI and Diekman, and Count II for breach of fiduciary duty. Fishman filed a Motion to Dismiss the Complaint, and in response Diekman filed the Amended Complaint at issue.

## II. THE AMENDED COMPLAINT FAILS TO ESTABLISH THE BASIS FOR A FIDUCIARY RELATIONSHIP

The suggestion that a party's allegations fail to state a claim upon which relief can be granted tests the legal sufficiency of the party's claim for relief. In considering a motion challenging the legal sufficiency of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court presumes that all well pleaded allegations are true and views the pleading in the light most favorable to the non-moving party. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). A claim should only be dismissed where it appears that no facts supporting the claim can be proven that would entitle the pleading party to obtain the relief sought. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957). Here, Diekman has not pled nor can he prove facts to support his claim for breach of fiduciary duty against Fishman.

In the Amended Complaint, Diekman no longer asserts a claim for breach of contract against Fishman. The Amended Complaint does, however, expand the factual allegations of Count II which are alleged to state a cause of action against Fishman for breach of fiduciary duty. Notwithstanding these additional allegations, the Amended Complaint fails to state a cause of action against Fishman for breach of fiduciary duty to Diekman.

The alleged factual premise of Count II of the original complaint was that Fishman and Diekman were "partners" at the time of the breach and that as such Fishman owed Diekman a fiduciary duty (Complaint, ¶44); that Fishman diverted sales from ECM to S&D and commingled

funds of those two corporations somehow to the detriment of Diekman (Complaint, ¶45); and that Fishman terminated Diekman's employment to acquire the ownership of ECM. (Complaint, ¶47). These allegations remain central to the Amended Complaint albeit in now differently numbered paragraphs. As now alleged in the Amended Complaint, Fishman and Diekman remained partners and Diekman was a minority partner in the year 2001 (Amended Complaint, ¶56), Diekman was a minority shareholder (Amended Complaint, ¶59) and Fishman asked Diekman to contribute $50,000 to purchase ECM stock and become a 20% owner of ECM (Amended Complaint, ¶44) and that Diekman contributed $50,000 in cash to increase capital and acquired a 20% interest in ECM (Amended Complaint, ¶26). The alleged basis for the claim of the existence of a fiduciary duty is the allegation in paragraph 57 of the Amended Complaint that Fishman and Diekman "remained partners and Diekman was a minority partner in the year 2001" and the inconsistent allegation in paragraph 59 that the "minority shareholder was never provided with any of the proper shareholder material...." Diekman also alleges in paragraphs 53 and 55 that Fishman exercised a contractual option to repurchase Diekman's stock in June 2001 and that Fishman paid Diekman for the repurchased shares in March 2002.

However, the Amended Complaint does not allege that existence of either a written or oral partnership agreement. Nor does the Amended Complaint allege that Diekman executed a shareholder agreement or that he was issued any share certificates in ECM. There are, however, the unsupported and legally mutually exclusive allegations that Diekman was both a minority partner and a minority shareholder of ECM. Accordingly, Plaintiff has not sufficiently pleaded

the existence of an agreement which establishes the existence of any fiduciary duty.[2] Having failed to plead facts which establish the existence of an agreement which imposes any fiduciary duties on Fishman, Plaintiff has failed to state a claim in Count II for a breach of fiduciary duty.

Not only has Diekman failed to adequately plead the existence of a fiduciary relationship which apprises the Court and Fishman of the alleged fiduciary duties which exist, but Diekman has also failed to plead facts which, if proven, would constitute breaches of the alleged duties.

The six enumerated breaches stated in paragraph 61 of the Amended Complaint do not state a claim. The allegations of diversion of sales and commingling of funds (Amended Complaint, ¶61 (a), (b), and (f)) do not state a claim for breach of any duties since there are no allegations concerning the relationship of the entities, any factual averment of the impropriety of any such events, or any averments of any rights of Diekman vis-a-vis such events. Moreover, there is no specific allegation of how Diekman was damaged by any such events since he does not plead any right or entitlement to any funds that may have been involved. With respect to diversion of sales by Fishman, there is no allegation that Fishman was under any duty not to compete with ECM.

The allegations that Fishman lowered the value of ECM (Amended Complaint, ¶61 (c)) is similarly not actionable since there is no allegation of damage. Moreover, Diekman admits that the stock was repurchased for the same $50,000 that he allegedly paid for the shares.

The allegations of paragraph 61(d) that Fishman refused to tender the share price in an

---

[2]The Court can also treat this motion as a Motion for a More Definite Statement under Rule 12(e) if the Court is disinclined to dismiss under Rule 12(b)(6) since the allegations of Count II are so vague or ambiguous that Fishman cannot reasonably be required to frame a responsive pleading.

attempt to get Diekman to execute a less favorable termination agreement is not actionable because there is no allegation that Diekman did execute such an agreement. Since this matter is in litigation, the Court may take judicial notice that Diekman did not execute any termination agreement. If Diekman did not execute the agreement that he was allegedly being coerced into signing, then Diekman suffered no damage from the alleged breach of fiduciary duty.

The allegations that Fishman failed to provide proper S corporation accounting to Diekman (Amended Complaint, ¶61(e)) is not a claim properly lodged against Fishman. Rather, the claim must be asserted against CCI/ECM which is the entity responsible for issuing accounting and tax documents.

### III. CONCLUSION

The Amended Complaint fails to adequately plead the existence of a fiduciary duty on the part of Shai Fishman, the breach of that duty or any damages suffered by Plaintiff, and Count II of the Amended Complaint should therefore be dismissed with prejudice.

Respectfully submitted,

Date: February 25, 2003

_____
Stephen G. Burns
Andrew S. Kasmen
BURNS & KASMEN
The Pavilion, Suite A-51
261 Old York Road
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendant Shai Fishman

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion of Shai Fishman to Dismiss Count II of the Amended Complaint and accompanying Memorandum of Law was sent by first-class mail, postage prepaid to the following on the 25th day of February, 2003:

>Michael McDonnell, Esquire
>Ryan Brown McDonnell Berger and Gibbons
>1600 Market Street, 14th Floor
>Philadelphia, PA 19103-7240

_____
Stephen G. Burns

ECM\Diekman\Fishman motion to dismiss amended complaint