ENERGY CHOICE MARKETING, INC., : NO. 02-4881
ET AL.
        Defendant        :

## ORDER

Upon consideration of Defendant's S & D and Shai Fishman's Motion to Dismiss and Plaintiff's Motion to Strike, Plaintiff's Motion is GRANTED and Defendants are directed to Answer the Amended Complaint within the next ten (10) days as required by the Rules of Civil Procedure.

BY THE COURT:

_____

                                                     J.

ENERGY CHOICE MARKETING, INC. ET AL.

      Defendant   :

## MOTION TO STRIKE UNDER RULE 12(f) TO DEFENDANT'S S & D AND SHAI FISHMAN'S MOTIONS TO DISMISS

FACTUAL BACKGROUND

  Plaintiff Diekman filed an Amended Complaint as a matter of right on October 17, 2002 pursuant to F.R.C.P. 15(a).

  Twenty-three (23) days passed after service of the Amended Complaint and all Defendants ECM/CCI, S & D Marketing and Shai Fishman filed a Rule 12(f) Motion to Strike the Amended Complaint. The basis of the Motion was Defendants' belief that Plaintiff required consent from the Defendants or court approval. Plaintiffs replied that they were entitled to amend as of right under the jurisprudence and specific dictates of Rule 15(a).

  Defendants filed no additional 12(b)(6) Motions contemporaneously with or timely with the service of the Amended Complaint as is required to preserve any objections to the contents and specificity of the Amended Complaint.

after a denial of a Motion to Dismiss is ten (10) days. See F.R.C.P. 12(a)(4)(A). See Exhibit "A").

On February 25, ten (10) days later than permitted by the F.R.C.P.12(a)(4)(A),Defendant ECM/CCI answered the Complaint, but Defendants S & D and Fishman again filed Motions to Dismiss under Rule 12(b)(6). (See Exhibit "B")  Not only were these Motions untimely by 4 ½ months, they violated the Courts' February 5th Order and were in direct contradiction of his Honor's explicit instruction at the Rule 16 conference on February 13, 2002 to not file any more frivolous motions.

Defendants were specifically asked to withdraw the Motions and advised that they were in violation of the foregoing legal admonitions and prohibitions. (See Exhibit "C")  Mr. Burns, plaintiffs' counsel, specifically refused.  (See Exhibit "D")

Plaintiffs now seek a second clarifying order striking the Motions under Rule 15 directing all Defendants to Answer the Amended Complaint and pay sanctions for the costs of these tactics which can have only one aim to delay and frustrate the orderly judicial process.

## MOTION TO STRIKE UNDER RULE 15(f)

For the reasons set forth above, two 12(b)(6) Motions should be dismissed for

(a)   failing to follow the Order of the Court dated February 5, 2003;

In the event that Defendants are correct in their belief that they are entitled to file a 12(b)(6) Motion, Plaintiff seeks leave under Rule 15 of an additional five (5) days to file a Second Amended Complaint to cure the alleged technical deficiencies in the Amended Complaint. In making the Motion for Alternative Relief, Plaintiff in no way concedes his Amended Complaint is deficient or lacking in the necessary elements to prove the claims set forth in Counts II and III of the Amended Complaint.

WHEREFORE, Plaintiff requests entry of the Attached Order.

Dated: March 12, 2003

Respectfully submitted,

RYAN, BROWN, McDONNELL,
BERGER & GIBBONS, P.C.

By _____
Michael T. McDonnell, III
Attorney I. D. No. 60111
Attorney for Plaintiff
John Diekman

1600 Market Street, 14th Floor
Philadelphia, PA   19103-7240
(215) 564-3800

ENERGY CHOICE MARKETING, INC.
ET AL.
                Defendant      :

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion to Strike Under Rule 12(f) to S & D and Shai Fishman's Motions to Dismiss/Alternative Motion for Leave to File a Second Amended Complaint was made on counsel listed below:

> Stephen G. Burns, Esquire
> Andrew S. Kasmen, Esquire
> BURNS & KASMEN
> The Pavilion, Suite 630
> 261 Old York Road
> Jenkintown, PA 19046

Dated: March 13, 2003

RYAN, BROWN, McDONNELL,
BERGER & GIBBONS, P.C.

By _____
   Michael T. McDonnell, III