IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                :
JOHN DIEKMAN                    :
              Plaintiff         :
                                :    CIVIL ACTION NO. 02-4681
v.                              :
                                :
ENERGY CHOICE MARKETING,        :
INC., ET AL.                    :
              Defendants        :
_____:
```

<u>OPPOSITION OF DEFENDANTS S&D MARKETING, INC. AND SHAI FISHMAN TO
PLAINTIFF'S MOTION TO STRIKE UNDER RULE 12(f) THEIR MOTIONS TO DISMISS
OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT</u>

_____Defendants S&D Marketing, Inc. ("S&D") and Shai Fishman ("Fishman"), through their

counsel Burns & Kasmen, hereby answer and oppose Plaintiff John Diekman's ("Diekman")

Motion to Strike Under Rule 12(f) to Defendant's S&D and Shai Fishman's Motions to Dismiss

and Alternative Motion for Leave to File a Second Amended Complaint ("Diekman  Motion to

Strike").  For the reasons stated herein, the Diekman Motion to Strike should be denied and

Defendants' Motions to Dismiss should be granted.

**PROCEDURAL BACKGROUND.**  On September 13, 2002, S&D and Fishman filed

separate 12(b)(6) motions to dismiss the complaint.  Defendant Energy Choice Marketing, Inc.

which is now known as Consumer Choice, Inc. ("CCI") had previously filed an answer to the

complaint and a counterclaim.  Given the pendency of a settlement conference with Judge Reuter

scheduled for September 30, 2002,  counsel agreed informally to extend the response date for

Diekman to respond to the 12(b)(6) motions pending the conference.  When the action was not

settled at the conference, Diekman's counsel contacted defense counsel and requested a

stipulation to permit Diekman to file an amended complaint believing that agreement of counsel was necessary to file an amended complaint because CCI had already answered the complaint. Although defense counsel did not consent to filing the amended complaint since he wished to have the Court address the substance of the 12(b)(6) motions, Diekman's counsel mistakenly represented to the Court in a letter dated October 17, 2002 (Exhibit A attached hereto) that "I have advised Defendants' counsel, Mr. Burns, and he has no opposition to the Amended Complaint which should moot Defendants' Motions." Defense counsel responded in a letter to the Court dated October 19, 2002 (Exhibit B attached hereto) stating his objection to the filing of the Amended Complaint. When the parties were unable to resolve the misunderstanding, defendants filed a Motion to Strike the Amended Complaint on November 12th for failure to obtain leave of court or written consent. On November 15th the Court, without considering the Motion to Strike the Amended Complaint, entered an Order denying the 12(b)(6) motions as "moot" given that the Amended Complaint had been filed. (Exhibit C attached hereto).

Defendants' Motion to Strike the Amended Complaint remained pending until the Court's Order of February 5, 2003, (Exhibit D attached hereto) wherein the Court denied Defendants' Motion to Strike and ordered the Defendants "to respond to the Amended Complaint...." Thereafter, CCI filed an answer to the Amended Complaint. S&D and Fishman again filed 12(b)(6) motions to dismiss because the Amended Complaint failed to state a cause of action against these defendants.

**ARGUMENT.** In Diekman's Motion to Strike, he contends that any motion to dismiss should have been filed in November 2002 at the time the Motion to Strike the Amended Complaint was filed. However, at that time both counsel believed that the filing of the Amended

2

Complaint required consent of counsel and the original 12(b)(6) motions were still pending.

Accordingly, it would have been illogical for defendants to have reiterated the motions to dismiss

at that time. Diekman erroneously contends that the Motion to Strike the Amended Complaint

should have been accompanied by the 12(b)(6) motions in November. However, the Motion to

Strike the Amended Complaint challenged the procedural propriety of the filing rather than being

the typical motion to strike which challenges "any insufficient defense or any redundant,

immaterial, impertinent or scandalous matter" as enumerated in Rule 12(f). Accordingly,

Defendants were not required to file the 12(b)(6) motions in November.

Diekman reads the Court's Order of February 5, 2002 (Exhibit D) as precluding S&D and

Fishman from filing a 12(b)(6) Motion to Dismiss the Amended Complaint. While defendants

do not presume to know what the Court was thinking, the language of the Order stating

"Defendant is directed to respond to the Amended Complaint..." cannot be read as requiring only

the filing of an answer and not a Rule 12 motion. Had the Court intended that defendants be

permitted to file only an answer, then the Order would presumably have stated that Defendant is

directed to "answer" the Amended Complaint. Given that the Court did not dispose of the initial

12(b)(6) motions on the merits and had instead only denied them as moot, then one cannot

assume that the Court meant "answer" when it wrote "respond" in the Order.

The bottom line in all of this procedural wrangling is that Diekman is trying to keep S&D

and Fishman in the case in an attempt to broaden the scope of discovery and go on a discovery

fishing expedition to try to leverage a settlement from solvent parties after learning that

defendant CCI does not have funds to pay a judgment if CCI is determined to be liable for

damages at trial. Defendants submit that the Amended Complaint does not state a cause of

3

action for breach of fiduciary duty against Fishman or for tortious interference against S&D.  The

case can move forward without these defendants.  Should discovery reveal facts which would

support a cause of action against either Fishman or S&D[1], then Diekman can file a new action or

seek to file an amended complaint against them.

## OPPOSITION TO ALTERNATIVE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.

While leave to amend is to be freely given when justice so requires under Rule 15(a),

Diekman has already had two opportunities to plead all elements of the cause of action, and he

has twice failed to do so.  Because Diekman has failed to attach a proposed Second Amended

Complaint to his Motion, Defendants cannot ascertain whether a Second Amended Complaint

would cure the pleading deficiencies.  Amended pleadings that would clearly not survive a

motion to dismiss should be rejected.  <u>Bailey v. Sullivan</u>, 885 F.2d 52,59 (3d Cir. 1989).  Given

that the alleged claims to be included in a Second Amended Complaint are intended solely to

provide settlement leverage and are not supported by any facts which Diekman's counsel has

been able to plead the first two times, a further amendment should not be permitted.  The Court

can then address the merits of the pending Motions to Dismiss.

---

[1]Diekman will have an opportunity to depose Fishman in Fishman's capacity as the President of CCI and he will be able to probe all aspects of the employment contract and how CCI handled the contract.  What Diekman is seeking, however, is to "manufacture" a claim of relevance by keeping Fishman individually and S&D in the case, so that he can delve into the business affairs of S&D which is a separate company of which Fishman is also a shareholder.

4

For the above reasons, Defendants S&D Marketing, Inc. and Shai Fishman pray that the Diekman Motion to Strike be denied.

Respectfully submitted,

_____

Stephen G. Burns, Esq.
Andrew S. Kasmen
BURNS & KASMEN
261 Old York Road, Suite A-51
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendants

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition of Defendants S&D Marketing, Inc. and Shai Fishman to Plaintiff's Motion to Strike under Rule 12(f) Their Motions to Dismiss or in the Alternative Motion for Leave to File a Second Amended Complaint was sent by first-class mail, postage prepaid to the following on the 20th day of March 2003:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____

Stephen G. Burns

ECM\Diekman\ opp to motion to strike

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIEKMAN | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 02-4681 |
| v. | : | |
| | : | |
| ENERGY CHOICE MARKETING, | : | |
| INC., ET AL. | : | |
| Defendants | : | |
| | : | |

ORDER

_____AND NOW, this ____ day of _____, 2003, upon consideration of the Opposition of

Defendants S&D Marketing, Inc. and Shai Fishman to Plaintiff's Motion to Strike Defendants'

Motions to Dismiss or in the Alternative for Leave to File a Second Amended Complaint, it is

hereby

      **ORDERED** that the Motion is **DENIED** and it is further

      **ORDERED** that Plaintiff shall respond to the Motions to Dismiss within ten days or have

Counts II and Counts III of the Amended Complaint dismissed.

BY THE COURT:

_____

_____Joyner, J.