**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DIEKMAN, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 02-4681 |
| | : | |
| v. | : | |
| | : | |
| ENERGY CHOICE MARKETING, INC. ET AL. | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW, this         day of April, 2003 upon consideration of the Motions of Shai Fishman and S & D Marketing, Inc. to Dismiss Counts II and III of Plaintiff's Amended Complaint, it is hereby ORDERED that the Motions are DENIED.[1]

Moving Defendants are DIRECTED to file their Answers to the

---

[1] The requirements for pleading a claim for relief in the federal courts are outlined in Fed.R.Civ.P. 8. That Rule dictates in relevant part that a pleading shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Fed.R.Civ.P. 8(a). Notice pleading is intended to give fair notice to the opposing party so that they may properly respond to and/or defend the claim. Pierce v. Montgomery County Opportunity Board, 884 F.Supp. 965, 971 (E.D.Pa. 1995).

It has long been the rule that in considering motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)(internal quotations omitted). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief may be granted. See, Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." Klein v. General Nutrition Companies, Inc., 186 F.3d 338, 342 (3d Cir. 1999)(internal quotations omitted).

In applying the preceding principles to the Amended Complaint in this case and being particularly mindful of the notice pleading standards, we find that it adequately pleads sufficient facts to outline claims for breach of fiduciary duty and for tortious interference with contract. Defendants' motions to dismiss are therefore denied.

Amended Complaint within ten days of the date of this Order.

BY THE COURT:

_____
J. CURTIS JOYNER,          J.