IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN DIEKMAN<br>　　　　Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>　　　　Defendants | :<br>:<br>:<br>:　CIVIL ACTION NO. 02-4681<br>:<br>:<br>:<br>:<br>:<br>: |

ANSWER OF DEFENDANT SHAI FISHMAN TO AMENDED COMPLAINT

Defendant Shai Fishman ("Fishman"), through his counsel Burns & Kasmen, hereby answers the Amended Complaint of John Diekman ("Diekman").

1. Admitted.

2. Denied as stated. It is admitted that Defendant Energy Choice Marketing ("ECM") (now known as Consumer Choice, Inc. ("CCI") through change of name) is a Pennsylvania corporation with its principal place of business at Suite 13, 2200 Michener Street, Philadelphia, PA. The remaining allegations are denied.

3. Denied as stated. It is admitted that Fishman is the President and sole shareholder of CCI. It is admitted that Fishman is President of S&D Marketing ("S&D") and one of the shareholders of S&D. The remaining allegations are denied.

4. Denied that Defendant S&D has an office at 9542A James Street, Philadelphia. The remaining allegations are admitted.

5. Denied.

1

6. Denied. To the contrary, CCI and ECM are the same corporation. In October 2001 ECM filed Articles of Amendment changing its name to CCI.

7. Denied as stated. It is admitted only that ECM and Diekman entered into the Executive Employment Agreement ("Diekman Employment Agreement") consisting of six pages together with a cover sheet which was effective January 19, 2001. It is denied that any other documents included in Exhibit "A" to the Complaint constitute the Diekman Employment Agreement. It is specifically denied that Fishman was a party to the Diekman Employment Agreement.

8-13. These allegations purport to paraphrase the terms of the Diekman Employment Agreement which is a writing which speaks for itself. The allegations are accordingly denied. By way of further answer it is averred that the Diekman Employment Agreement specifically provided for adjustment or deferral of compensation due to ECM's cash flow problems.

14. Admitted

15. Denied as stated. It is denied that ECM utilized telephone sales. To the contrary, ECM utilized only door to door sales. The remaining allegations of this paragraph are admitted.

16. Denied as stated. CCI admits that Diekman's employment was terminated by letter dated June 12, 2001 for the reasons stated therein. The remaining allegations are denied.

17. Denied. The Employment Agreement specifically provided for the deferral or adjustment of salary due to cash flow problems of CCI.. Diekman failed to generate sufficient sales for ECM to generate cash flow to pay the stated salary.

18. Denied as stated. It is admitted that Diekman worked from January 19, 2001 until June 12, 2001. The remaining allegations are denied..

19. Denied.

20. Denied.

21. Fishman, after reasonable investigation, is without knowledge sufficient to form a belief as to the truth of these allegations, and they are accordingly denied..

22. Denied as stated. Fishman admits that Diekman has received $33,000 as payment in full of all amounts owed to him.

23. Denied as stated. It is admitted that CCI was incorporated in October 2000. The remaining allegations are denied.

24. It is specifically denied that Diekman was asked to perform any services for S&D or for Fishman. It is admitted that Diekman was hired based on his representations that he had substantial expertise in door-to-door marketing, but it is denied that he had any such expertise. All remaining allegations are denied. By way of further answer it is averred that ECM had experience in door to door marketing and that Diekman was hired by ECM to expand and drive its sales.

25. Denied.

26. Denied. To the contrary, Diekman lent CCI $50,000 with such loan being characterized as being for the issuance of a twenty percent equity interest in ECM. Fishman, however, had the absolute right to pay Diekman back the $50,000 plus interest by giving notice to Diekman before July 1, 2001. No stock was ever issued to Diekman, and Diekman's $50,000 contribution was returned to him.

27. Denied as stated. CCI already had a sales force at the time Diekman was hired, and Diekman was responsible for increasing sales through that sales force and new hires.

28. Denied.

29. Denied. To the contrary at the time Diekman was hired, ECM had operations in Philadelphia and New York.

30. Denied. To the contrary, although production goals were discussed, Diekman never finalized any production goals although as Managing Director. Diekman was responsible for establishing production goals

31. Denied. To the contrary, Diekman himself was responsible for establishing and meeting performance goals.

32. Denied.

33. Denied as stated. To the contrary, the amount of salary stated in the Employment Agreement was insisted on by Diekman even though both Diekman and CCI knew that the business could not generate sufficient income to pay both Diekman and Fishman without significant increases in sales which Diekman was responsible to produce. When there was insufficient revenue to pay both Diekman and Fishman, the salaries of both were adjusted and/or deferred as contemplated by the Diekman Employment Agreement.

34. Denied as stated. It is averred that Diekman generated insufficient revenue as Managing Director to make ECM profitable.

35. Denied. To the contrary, Diekman was paid all sums to which he was entitled.

36. Denied.

37. Denied.

## COUNT I

38. Fishman incorporates his answers to paragraphs 1 through 37 of the Complaint.

39-42. Fishman is not a party defendant to Count I of the Complaint. Accordingly, no response is required to the allegations of these paragraphs. To the extent a response is required, the allegations are denied.

## COUNT II

43. Fishman incorporates his answers to paragraphs 1 through 42 of the Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied as stated. To the contrary, Diekman was to be paid, or to have salary adjusted or deferred in accordance with the terms of the Diekman Employment Agreement which is a writing which speaks for itself.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied as stated. Fishman admits that Diekman's employment was terminated by letter dated June 12, 2001 for the reasons stated therein. It is denied that Diekman owned any stock in CCI. To the contrary, Diekman lent CCI $50,000 with such loan being characterized as being for the issuance of a twenty percent equity interest in ECM. Fishman, however, had the absolute right to pay Diekman back the $50,000 plus interest by giving notice to Diekman before July 1, 2001. No stock was ever issued to Diekman, and Diekman's $50,000 contribution was returned to him.

54. Denied.

55. Denied.

56. Denied.

57. It is admitted that Diekman did not receive a K-1 for 2001, but it is denied that Diekman was required to receive a K-1.

58. Fishman, after reasonable investigation, is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 58, and the allegations are accordingly denied, and proof thereof is demanded.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, Defendant Shai Fishman prays that Count II of the Complaint be dismissed with prejudice and that he be awarded his costs of defense.

## COUNT III

62. Fishman incorporates his answers to paragraphs 1 through 61 of the Complaint.

63. Denied as stated. It is admitted only that Fishman is one of the shareholders of S&D and that S&D is in the business of telemarketing. The remaining allegations are denied.

64-70. Fishman is not a party defendant to Count III of the Complaint. Accordingly, no response is required to the allegations of these paragraphs. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

71. The Complaint fails to state a claim upon which relief can be granted.

72. If Plaintiff has suffered damages as alleged herein, which damages are specifically denied, those damages have been caused by Plaintiff's own culpable conduct rather than that of Fishman.

73. Plaintiff's claims are barred by the applicable statute of limitations.

74. Plaintiff's claims are barred by the doctrine of laches.

75. Plaintiff, by his statements, acts and/or conduct is estopped from asserting that Fishman owes Plaintiff any sums.

76. Plaintiff is barred from bringing this action because of his unclean hands.

77. To the extent that Plaintiff sustained losses and damage, such losses and damages are the direct and proximate result of Plaintiff's own acts and conduct and/or the conduct of other persons or entities for which Fishman is not responsible.

78. Plaintiff failed to mitigate his damages.

79. The Complaint is barred by the doctrines of collateral estoppel and waiver.

80. Plaintiff induced CCI to enter into the Diekman Employment Agreement by fraud.

81. Plaintiff is not entitled to any recovery for the reasons set forth in the Counterclaim of CCI previously filed which is incorporated herein.

82. Any damages which Plaintiff may have suffered must be offset by any damages recoverable by CCI pursuant to the Counterclaim.

WHEREFORE, Defendant Shai Fishman prays that the Complaint be dismissed with prejudice and for his costs.

Respectfully submitted,

_____
Stephen G. Burns.
Andrew S. Kasmen
BURNS & KASMEN
The Pavilion, Suite A-51
261 Old York Road
Jenkintown, PA 19046
(215) 517-5800
Attorney for Defendant Shai Fishman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer of Defendant Shai Fishman to Amended Complaint was sent by first-class mail, postage prepaid to the following on the 16th day of April 2003:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

_____
Stephen G. Burns

ECM\Diekman\answer (Fishman) to amended complaint