IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN DIEKMAN<br>          Plaintiff<br><br>v.<br><br>ENERGY CHOICE MARKETING,<br>INC., ET AL.<br>          Defendants | :<br>:<br>:<br>:   CIVIL ACTION NO. 02-4681<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER OF DEFENDANT S&D MARKETING, INC. TO AMENDED COMPLAINT

Defendant S&D Marketing, Inc. ("S&D"), through his counsel Burns & Kasmen, hereby answers the Amended Complaint of John Diekman ("Diekman").

1. Admitted.

2. Denied as stated. It is admitted that Defendant Energy Choice Marketing ("ECM") (now known as Consumer Choice, Inc. ("CCI") through change of name) is a Pennsylvania corporation with its principal place of business at Suite 13, 2200 Michener Street, Philadelphia, PA. The remaining allegations are denied.

3. Denied as stated. It is admitted that Fishman is President of S&D Marketing ("S&D") and one of the shareholders of S&D. S&D, after reasonable investigation, is without knowledge of the truth of the remaining allegations of paragraph 3, and they are accordingly denied.

4. Denied that S&D has an office at 9542A James Street, Philadelphia. The remaining allegations are admitted.

5. Denied.

6-23. The allegations of these paragraphs do not involve S&D and they relate only to causes of actions asserted against defendants other than S&D. S&D, after reasonable investigation, is without knowledge of the truth of the allegations of these paragraphs, and they are accordingly denied.

24. It is specifically denied that Diekman was asked to perform any services for S&D. S&D, after reasonable investigation, is without knowledge of the truth of the remaining allegations of paragraph 24, and they are accordingly denied.

25. The attribution of knowledge to S&D is denied. S&D, after reasonable investigation, is without knowledge of the truth of the remaining allegations of paragraph 25, and they are accordingly denied.
Denied.

26-37. The allegations of these paragraphs do not involve S&D and they relate only to causes of actions asserted against defendants other than S&D. S&D, after reasonable investigation, is without knowledge of the truth of the allegations of these paragraphs, and they

## COUNT I

38. S&D incorporates its answers to paragraphs 1 through 37 of the Complaint.

39-42. S&D is not a party defendant to Count I of the Complaint. Accordingly, no response is required to the allegations of these paragraphs. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant S&D Marketing, Inc. prays that Count I of the Complaint be dismissed with prejudice.

## COUNT II

43. S&D incorporates its answers to paragraphs 1 through 42 of the Complaint.

44-61. S&D is not a party defendant to Count II of the Complaint. Accordingly, no response is required to the allegations of these paragraphs. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant S&D Marketing, Inc. prays that Count II of the Complaint be dismissed with prejudice.

## COUNT III

62. S&D incorporates its answers to paragraphs 1 through 61 of the Complaint.

63. Denied as stated. It is admitted only that Fishman is one of the shareholders of S&D and that S&D is in the business of telemarketing. The remaining allegations are denied.

64. Denied. To the contrary, S&D was incorporated in 1999, prior to the existence of ECM.

65. Denied.

66. Denied.

67. Denied.

68. Denied

69. Denied

70. Denied

WHEREFORE, Defendant S&D Marketing, Inc. prays that Count III of the Complaint be dismissed with prejudice and that it be awarded its costs of defense..

## AFFIRMATIVE DEFENSES

71. The Complaint fails to state a claim upon which relief can be granted.

72. If Plaintiff has suffered damages as alleged herein, which damages are specifically denied, those damages have been caused by Plaintiff's own culpable conduct rather than that of S&D.

73. Plaintiff's claims are barred by the applicable statute of limitations.

74. Plaintiff's claims are barred by the doctrine of laches.

75. Plaintiff, by his statements, acts and/or conduct is estopped from asserting that S&D owes Plaintiff any sums.

76. Plaintiff is barred from bringing this action because of his unclean hands.

77. To the extent that Plaintiff sustained losses and damage, such losses and damages are the direct and proximate result of Plaintiff's own acts and conduct and/or the conduct of other persons or entities for which S&D is not responsible.

78. Plaintiff failed to mitigate his damages.

79. The Complaint is barred by the doctrines of collateral estoppel and waiver.

80. Plaintiff induced CCI to enter into the Diekman Employment Agreement by fraud.

81. Plaintiff is not entitled to any recovery for the reasons set forth in the Counterclaim of CCI previously filed which is incorporated herein.

82. Any damages which Plaintiff may have suffered must be offset by any damages recoverable by CCI pursuant to the Counterclaim.

WHEREFORE, Defendant S&D Marketing, Inc. prays that the Complaint be dismissed with prejudice and for its costs.

                                        Respectfully submitted,

                                        _____
                                        Stephen G. Burns.
                                        Andrew S. Kasmen
                                        BURNS & KASMEN
                                        The Pavilion, Suite A-51
                                        261 Old York Road
                                        Jenkintown, PA 19046
                                        (215) 517-5800
                                        Attorney for Defendant Shai Fishman

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer of Defendant Shai Fishman to Amended Complaint was sent by first-class mail, postage prepaid to the following on the 16th day of April 2003:

Michael McDonnell, Esquire
Ryan Brown McDonnell Berger and Gibbons
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240

                                        _____
                                        Stephen G. Burns

ECM\Diekman\answer (S&D ) to amended complaint